UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF TEXAS

| | |
|---|---|
| MARIA CARBAJAL,<br><br>　　　　Plaintiff,<br><br>vs.<br><br>UNITED STATES OF AMERICA; and DOES 1-25, inclusive,<br><br>　　　　Defendants. | Case No.: Cause No. 3:19-CV-321<br><br>**COMPLAINT FOR DAMAGES:**<br>1. **Dangerous Condition of Public Property;**<br>2. **Negligence—Premises Liability** |

Plaintiff MARIA CARBAJAL demands a trial by jury and alleges as follows:

### THE PARTIES:

1. Plaintiff MARIA CARBAJAL is at all times relevant to this Complaint, is an individual residing in the County of El Paso, Texas.

2. The UNITED STATES OF AMERICA (hereinafter referred to as "United States" or "Defendant") is a Defendant in this action pursuant to the Federal Tort Claims Act, 28 U.S.C. §2671, et seq. At all relevant times the United States of America employed the individuals, by way of the United States Customs and Border Protection responsible for the acts and/or omissions alleged in this Complaint which caused injury to Plaintiff.

3. Plaintiff is ignorant of the true names and capacity of Defendants sued herein as DOES 1 through 25, inclusive, and therefore sues these Defendants by such fictitious names. Plaintiff will amend this complaint to allege Defendants' true names and capacities when ascertained. Plaintiff is informed, believes, and thereon alleges that each of the fictitiously named Defendants is negligently responsible in some manner for the occurrences herein alleged, and Plaintiff's damages as herein alleged were proximately caused by Defendants' negligence.

4. Plaintiff is informed and believes and thereon alleges that at all times mentioned herein each of the Defendants was the agent and employee of each of the remaining

Defendants, and in doing the things hereinafter alleged, was acting within the scope of such agency and with the permission and consent of others.

## FEDERAL TORT CLAIMS ACT:

5.     Plaintiff brings this action against the Defendant UNITED STATES OF AMERICA PURSUANT TO THE FEDERAL TORT CLAIMS ACT, 28 U.S.C. §1346, ET SEQ. AND 28 U.S.C. §2761, ET SEQ.

6.     Plaintiff filed the appropriate administrative claim with the United States Customs and Border Protection, pursuant to the requirements of 28 U.S.C. §2675 on May 1, 2019. A true and correct copy of such claim form submitted by Plaintiff on such date is attached hereto as Exhibit "A."

7.     On November 6, 2019, the United States Customs and Border Protection denied such claim by operation of law. As a result of this denial, Plaintiff possesses the right to institute a claim against the UNITED STATES OF AMERICA in United States District Court pursuant to 28 U.S.C. §1346(B) and accordingly files this lawsuit.

## JURISDICTION AND VENUE:

8.     The jurisdiction of this Court is founded upon 28 U.S.C. §1346, because the Complaint states causes of action under the Federal Tort Claims Act, 28 U.S.C. §2671, et. seq.

9.     Venue is proper in the Western District of Texas under 28 U.S.C. §1391, and 28 U.S.C. §1402 because the events or omissions giving rise to the claims of the Plaintiff occurred in the Western District of Texas, and the Plaintiff resides in that judicial district.

## GENERAL FACTUAL ALLEGATIONS

10.    Defendant UNITED STATES OF AMERICA and Does 1 through 25, and each of them, owns, occupies, manages, maintains and controls certain public property commonly known as the Santa Fe Bridge aka Paso del Norte Bridge Port of Entry, S. El Paso Street, El Paso, Texas 79901 (hereinafter "Santa Fe Bridge.")

11.    On or about September 23, 2017, Plaintiff was crossing the Santa Fe Bridge aka Paso del Norte Bridge Port of Entry and as she began to enter the electronic revolving door, she was pinned between the panels causing severe and serious injuries. Shortly after being pinned

between the panels, the doors reopened tossing Plaintiff to the ground. Plaintiff sustained severe and permanent injuries all over her person, causing a fracture to the left hip and a displaced mid-cervical fracture of the left femur; that the undersigned Plaintiff was caused to expend moneys in endeavoring to be cured; to lose time from her work; to be hospitalized; to undergo a left hip replacement; to suffer pain in body and mind; to suffer disfigurement and to be permanently injured.

12. That in addition to the averments herein contained, the Plaintiff has been caused to be dependent upon others and which necessitated case and attention which she ordinarily would not have had.

13. That the Plaintiff will not be able to enjoy and have the continuance of the hobbies that she heretofore had, and will have her happiness diminished.

14. As a result of the incident, Plaintiff suffered severe injuries to her hips necessitating an extensive reconstructive surgery and causing her severe, and permanent disabling injuries.

15. As a result of her injuries, Plaintiff was required to be hospitalized and under the care of orthopedic specialists.

16. Plaintiff has suffered considerable pain and discomfort from her injuries, and continues to suffer pain and discomfort.

17. Plaintiff has incurred heavy hospital and medical bills in the treatment of her injuries, and will be required to incur additional such bills in the future.

18. As a result of her injuries, Plaintiff has been off of work for a long period of time and has subsequently lost her job. Plaintiff has had substantial loss of earnings due to the extent of her injuries.

19. Plaintiff is informed, believes, and further alleges that Defendant had the power and opportunity to prevent, fix, remedy or guard against the malfunction of the electronic revolving door of the Santa Fe Bridge aka Paso del Norte Bridge Port of Entry and therefore Defendant so negligently maintained the United States Customs and Border Protection as to cause Plaintiff's injuries.

## FIRST CAUSE OF ACTION

### Dangerous Condition of Public Property

### (Against Defendant UNITED STATES OF AMERICA and Does 1-25)

20. Plaintiff incorporates by reference paragraphs 1 through 13 inclusive, as though fully set forth herein.

21. Plaintiff is informed and believes and thereon alleges that at all times mentioned herein Defendant and DOES 1 through 25, acting by and through their authorized employees, agents, servants, and agencies, were at all times relevant charged with the responsibility of operating, maintaining, controlling, repairing and regulating the public property located at the Santa Fe Bridge aka Paso del Norte Bridge Port of Entry, S. El Paso Street, El Paso, Texas 79901 (hereinafter referred to "Santa Fe Bridge.")

22. Plaintiff is informed and believes and thereon alleges that at all times mentioned herein Defendant and DOES 1 through 25, owed a duty of care to Plaintiff and other members of the public to operate and maintain the public property located at the Santa Fe Bridge aka Paso del Norte Bridge in a reasonably safe manner and protect against dangerous conditions on the public property. These Defendants, and each of them, furthermore had a duty to repair, remedy, safeguard, or correct any dangerous condition that existed on the public property or warn Plaintiff and other members of the public about the dangerous condition.

23. On or about September 23, 2017 and at all times mentioned herein, a dangerous condition existed on the public property located at the Santa Fe Bridge aka Paso del Norte Bridge due to the defective and poorly maintained electrical revolving door, with no additional precautions, actions or warnings taking place despite the unsafe conditions. This dangerous condition located at the Santa Fe Bridge aka Paso del Norte Bridge created a substantial risk of injury to Plaintiff and other members of the public on the date of the incident.

24. Plaintiff is informed and believes and thereon alleges that at all times mentioned herein Defendant and DOES 1 through 25, and each of them, negligently and carelessly failed to warn, created, maintained, operated, controlled and regulated the public property at the Santa Fe

Bridge aka Paso del Norte Bridge, and thereby created the dangerous condition described in this Complaint within the meaning of Government Code Section 830(a).

25. The Santa Fe Bridge aka Paso del Norte Bridge was in such a dangerous condition at and prior to the time of the accident that it created a substantial risk of injury to members of the public using the Port of Entry with reasonable care and in a reasonably foreseeable manner.

26. Defendant, and/or employees and/or agents of Defendant, acting in the scope of their employment, allowed the dangerous condition to persist by failing to inspect and maintain the premises, thereby creating a substantial risk of injury to a person walking in the Santa Fe Bridge Port of Entry with due care in a manner which is reasonably foreseeable.

27. Defendant had actual and/or constructive notice of the dangerous condition described above and discovered, or should have discovered, the condition and its dangerous character in the exercise of due care.

28. Defendant had reasonable notice, opportunity, and time prior to Plaintiff's accident to have repaired, remedied, and/or corrected the dangerous condition, or at least provide adequate warnings against the dangerous condition or to have taken measures to protect against it. The actual notice existed because Defendants and/or its employees and agents had actual knowledge of the existence of these conditions and knew, or should have known, of their dangerous character since Defendant had employees working and stationed within plain view of the entrance of the Santa Fe Bridge aka Paso del Norte Bridge aka Paso del Norte Bridge Port of Entry who should have recognized the dangerous condition and corrected the dangerous condition or provided adequate warning to members of the general public.

29. Constructive notice existed because these conditions had existed for such a period of time and were of such an obvious nature that these Defendants, in the exercise of due care, should have discovered the dangerous condition. The existence of the dangerous condition would have been discovered upon a reasonable inspection of the public property to inform Defendant and Does 1 through 25, and each of them, whether the property was safe for use or uses for which it was intended. During the course of any such reasonably adequate inspection, Defendants would have discovered the dangerous condition and been able to remedy the same.

30. As a direct and proximate result of Defendants' negligence, Plaintiff sustained serious and substantial injuries to be shown according to proof, and which were at all times foreseeable to Defendants.

## SECOND CAUSE OF ACTION

### Negligence—Premises Liability

### (Against Defendant UNITED STATES OF AMERICA and Does 1-25)

31. Plaintiff incorporates by reference paragraphs 1 through 24 inclusive, as though fully set forth herein.

32. Plaintiff is informed and believes and thereon alleges that Defendant UNITED STATES OF AMERICA and Does 1 through 25, and each of them, operated, maintained, controlled, repaired and regulated the public property located at the Santa Fe Bridge aka Paso del Norte Bridge Port of Entry, S. El Paso Street, El Paso, Texas 79901 (hereinafter referred to "Santa Fe Bridge.")

33. On or about September 23, 2017, Defendant and Does 1 through 25, owed Plaintiff a duty to exercise reasonable care to avoid injury to persons on or around the premises.

34. On or about September 23, 2017, Defendant and Does 1 through 25, by and through their employees and agents, acted negligently and failed to use reasonable care in owning, maintaining, repairing, operating and managing the property located at the Santa Fe Bridge Port of Entry.

35. Plaintiff is informed and believes and thereon alleges that Defendant and Does 1 through 25, and each of them, by and through their employees and agents, retained control over safety conditions inside the Santa Fe Bridge aka Paso del Norte Bridge by both their actions and their failure to take actions they were required to take, and contributed to Plaintiff's injuries.

36. On or about September 23, 2017, Defendant and Does 1 through 25, by and through their employees and agents, negligently owned and maintained an unsafe electronic revolving door and premises that contributed to Plaintiffs' injuries.

37. The negligent acts and omissions of Defendant and Does 1 through 25, including but not limited to those detailed above, were otherwise a substantial factor in causing Plaintiff's harm.

38. As a direct and proximate result of the Defendants' negligence, Plaintiff has suffered past and future medical expenses, past and future physical pain, mental suffering, loss of enjoyment of life, and inconvenience, all in amount to be determined according to proof at trial.

**WHEREFORE**, Plaintiff prays for judgment against Defendants, and each of them, as follows:

1. For an award of Plaintiff's general, special, actual and compensatory damages as proven at the time of trial;

2. For an award of the costs incurred by Plaintiff in brining and maintaining this action;

3. For all medical, incidental and future medical expenses in a sum to be determined at trial;

4. For costs of suit incurred herein;

5. For such other and further relief as the Court may deem just and proper.

Respectfully submitted,
**Law Office of Jeff D. Rago**

By:   /S/ JEFF D. RAGO
**JEFF D. RAGO**
813 Myrtle Ave.
El Paso, Texas 79901
(915) 533-2535
(915) 881-4506 Fax
ragolaw@gmail.com
State Bar No. 00786182

**U.S. Postal Service™**
**CERTIFIED MAIL™ RECEIPT**
(Domestic Mail Only; No Insurance Coverage Provided)

For delivery information visit our website at www.usps.com®

EL PASO, TX 79925

| | |
|---|---|
| Postage | $ |
| Certified Fee | |
| Return Receipt Fee (Endorsement Required) | |
| Restricted Delivery Fee (Endorsement Required) | |
| Total Postage & Fees | $ $14.60 |

7006 2150 0004 9082 8178

Sent To: U.S. Customs + Border Protection
Street, Apt. No.; or PO Box No.: 9400 Viscount Blvd., Ste. 104
City, State, ZIP+4: El Paso, TX 79925

PS Form 3800, August 2006    See Reverse for Instructions

---

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

U.S. Customs and Border Protection
**Attn: Claims Department**
9400 Viscount Blvd., Ste. 104
El Paso, Texas 79925

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X [signature]    ☐ Agent  ☐ Addressee

B. Received by (Printed Name): Valerie Ramirez
C. Date of Delivery: 05/06/19

D. Is delivery address different from item 1?  ☐ Yes
If YES, enter delivery address below:  ☐ No

3. Service Type
☑ Certified Mail  ☐ Express Mail
☐ Registered  ☐ Return Receipt for Merchandise
☐ Insured Mail  ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)  ☐ Yes

2. 7006 2150 0004 9082 8178

PS Form 3811, February 2004    Domestic Return Receipt    102595-02-M-1540

---

EXHIBIT
A

## Certified Mail Provides:
- A mailing receipt
- A unique identifier for your mailpiece
- A record of delivery kept by the Postal Service for two years

### Important Reminders:
- Certified Mail may ONLY be combined with First-Class Mail® or Priority Mail®.
- Certified Mail is *not* available for any class of international mail.
- NO INSURANCE COVERAGE IS PROVIDED with Certified Mail. For valuables, please consider Insured or Registered Mail.
- For an additional fee, a *Return Receipt* may be requested to provide proof of delivery. To obtain Return Receipt service, please complete and attach a Return Receipt (PS Form 3811) to the article and add applicable postage to cover the fee. Endorse mailpiece "Return Receipt Requested". To receive a fee waiver for a duplicate return receipt, a USPS® postmark on your Certified Mail receipt is required.
- For an additional fee, delivery may be restricted to the addressee or addressee's authorized agent. Advise the clerk or mark the mailpiece with the endorsement "*Restricted Delivery*".
- If a postmark on the Certified Mail receipt is desired, please present the article at the post office for postmarking. If a postmark on the Certified Mail receipt is not needed, detach and affix label with postage and mail.

**IMPORTANT:** Save this receipt and present it when making an inquiry.
PS Form 3800, August 2006 *(Reverse)* PSN 7530-02-000-9047

---

UNITED STATES POSTAL SERVICE



First-Class Mail
Postage & Fees Paid
USPS
Permit No. G-10

• Sender: Please print your name, address, and ZIP+4 in this box •

*The Rago Law Office*
813 MYRTLE AVE.
EL PASO, TEXAS 79901

RECEIVED
MAY 07 2019

Re: Carbajal, Maria



# JEFF D. RAGO
ATTORNEY AT LAW

May 1, 2019

***VIA CERTIFIED MAIL***
Return Receipt Requested
Article Number: 70062150000490828178

U.S. Customs and Border Protection
***Attn: Claims Department***
9400 Viscount Blvd., Ste. 104
El Paso, Texas 79925

      RE:   My Client:        Maria Carbajal
              Your Insured:    Santa Fe Bridge
              Date of Accident: September 23, 2017

Dear Sir or Madam:

Please be advised that I represent Irma Sandoval to prosecute for the serious injuries and damages sustained by her, which from the information contained in my file, appears to have been sustained as a result of the reckless and negligent act of your insured. It appears that on September 23, 2017, while my client was a patron at the Santa Fe Bridge and while entering the electronic revolving door she was pinned between the panels, and then tossed to the ground upon being released. Consequently, my client has sustained injuries to her left side of her body, a broken hip and injured her shoulders and is incurring numerous medical bills.

Please provide any and all statements taken from ANYONE, whether written or recorded, color copies of any and all videos, photos whether digital, recorded or Polaroid, as soon as these are available.

I ask that you preserve all data of any type related to the accident. This includes any written material such as witness statements, service time records, and accident reporting records; **any video or audio recordings**, as well as any data relating to the use of any communication devices. Please do not dispose of any of this material, as we may expect that it will be both discoverable and admissible in any litigation that may arise out of this claim. Failure to preserve this material will result in a request for a **spoliation** instruction at any trial in this matter.

Please be further advised that this office is handling this cause by virtue of a contingent attorney's fee agreement with my client. In the event that you or anyone on your behalf settles this case directly with my client, I shall have to hold you responsible for my legal services rendered and/or to be rendered. Therefore, this letter shall serve as notice of my attorney's lien on any sums paid directly or indirectly to my client by reason of said claim.

We shall be pleased to cooperate in an endeavor towards effecting an amicable settlement or

Licensed in State and Federal Court • Over 17 years of experience
813 Myrtle Ave. • El Paso, TX 79901 • Office: (915) 533-2535 • Fax: (915) 881-4506
RagoLawOffice.com

adjustment of this case. Please communicate directly with me regarding this matter, advising of the policy limits and any excess and/or umbrella policies.

Sincerely,

**JEFF D. RAGO**
*Attorney at Law*
em

| CLAIM FOR DAMAGE, INJURY, OR DEATH | INSTRUCTIONS: Please read carefully the instructions on the reverse side and supply information requested on both sides of this form. Use additional sheet(s) if necessary. See reverse side for additional instructions. | FORM APPROVED OMB NO. 1105-0008 |
|---|---|---|

| 1. Submit To Appropriate Federal Agency: U.S. Customs and Border Protection 9400 Viscount Blvd., Ste. 104 El Paso, Texas 79925 | 2. Name, Address of claimant and claimant's personal representative, if any. (See instructions on reverse.) (Number, Street, City, State and Zip Code) Maria Carbajal          Jeff D. Rago 23 San Marcos Dr.    813 Myrtle Avenue El Paso, Texas 79925   El Paso, Texas 79901 |
|---|---|

| 3. TYPE OF EMPLOYMENT ☐ MILITARY ☒ CIVILIAN | 4. DATE OF BIRTH August 19, 1959 | 5. MARITAL STATUS Married | 6. DATE AND DAY OF ACCIDENT September 23, 2017 | 7. TIME (A.M. OR P.M.) 3:15 P.M. |
|---|---|---|---|---|

8. Basis of Claim (State in detail the known facts and circumstances attending the damage, injury, or death, identifying persons and property involved, the place of occurrence and the cause thereof. Use additional pages if necessary.)

Mrs. Maria Carbajal was crossing the Santa Fe Bridge on September 23, 2017 and as she began to enter the electronic revolving door, she was pinned between the panels causing severe and serious injuries. After being pinned between the panels the doors reopened tossing Mrs. Maria Carbajal to the ground, upon her fall she was aided by some of the United States Custom Agents, assisted onto a chair and placed a call for an ambulance. Mrs. Maria Carbajal was then transported to University Medical Center of El Paso with injuries to her left side of her body and shoulder pain to both sides. Upon arrival to University Medical Center of El Paso xrays were ordered on the pelvis, left knee, left femur, hip, chest, and an EKG. Following the xrays and EKG Mrs. Maria Carbajal was admitted and scheduled for surgery that same day. Mrs. Maria Carbajal required hip surgery for a broken hip and physical therapy after the surgery.

9. **PROPERTY DAMAGE**

NAME AND ADDRESS OF OWNER, IF OTHER THAN CLAIMANT (Number, Street, City, State, and Zip Code).
Not Applicable

BRIEFLY DESCRIBE THE PROPERTY, NATURE AND EXTENT OF DAMAGE AND THE LOCATION WHERE PROPERTY MAY BE INSPECTED. (See Instructions on reverse side.)
Not Applicable

10. **PERSONAL INJURY/WRONGFUL DEATH**

STATE NATURE AND EXTENT OF EACH INJURY OR CAUSE OF DEATH, WHICH FORMS THE BASIS OF THE CLAIM. IF OTHER THAN CLAIMANT, STATE NAME OF INJURED PERSON OR DECEDENT.
Maria Carbajal sustained injuries to her neck, back, shoulders, left leg, left arm, and a broken hip.

11. **WITNESSES**

| NAME | ADDRESS (Number, Street, City, State, and Zip Code) |
|---|---|
| None | None |

12. (See instructions on reverse.) **AMOUNT OF CLAIM (in dollars)**

| 12a. PROPERTY DAMAGE | 12b. PERSONAL INJURY | 12c. WRONGFUL DEATH | 12d. TOTAL (Failure to specify may cause forfeiture of your rights.) |
|---|---|---|---|
| NA | 275,000.00 | 0.00 | 275,000.00 |

I CERTIFY THAT THE AMOUNT OF CLAIM COVERS ONLY DAMAGES AND INJURIES CAUSED BY THE INCIDENT ABOVE AND AGREE TO ACCEPT SAID AMOUNT IN FULL SATISFACTION AND FINAL SETTLEMENT OF THIS CLAIM

| 13a. SIGNATURE OF CLAIMANT (See instructions on reverse side.) *[signature]* | 13b. Phone number of person signing form (915) 533-2535 | 14. DATE OF SIGNATURE 05/01/2019 |
|---|---|---|

| CIVIL PENALTY FOR PRESENTING FRAUDULENT CLAIM | CRIMINAL PENALTY FOR PRESENTING FRAUDULENT CLAIM OR MAKING FALSE STATEMENTS |
|---|---|
| The claimant is liable to the United States Government for the civil penalty of not less than $5,000 and not more than $10,000, plus 3 times the amount of damages sustained by the Government. (See 31 U.S.C. 3729.) | Fine of not more than $10,000 or imprisonment for not more than 5 years or both. (See 18 U.S.C. 287, 1001.) |

95-109

NSN 7540-00-634-4046

STANDARD FORM 95
PRESCRIBED BY DEPT. OF JUSTICE
28 CFR 14.2

| INSURANCE COVERAGE | | |
|---|---|---|
| In order that subrogation claims may be adjudicated, it is essential that the claimant provide the following information regarding the insurance coverage of his vehicle or property. | | |
| 15. Do you carry accident insurance? ☐ Yes   If yes, give name and address of insurance company (Number, Street, City, State, and Zip Code) and policy number.   ☒ No | | |
| 16. Have you filed a claim on your insurance carrier in this instance, and if so, is it full coverage or deductible?   ☐ Yes   ☒ No | | 17. If deductible, state amount.   NA |
| 18. If a claim has been filed with your carrier, what action has your insurer taken or proposed to take with reference to your claim? (It is necessary that you ascertain these facts.)   NA | | |
| 19. Do you carry public liability and property damage insurance?  ☐ Yes   If yes, give name and address of insurance carrier (Number, Street, City, State, and Zip Code).   ☒ No | | |

### INSTRUCTIONS

Claims presented under the Federal Tort Claims Act should be submitted directly to the "appropriate Federal agency" whose employee(s) was involved in the incident. If the incident involves more than one claimant, each claimant should submit a separate claim form.

Complete all items - Insert the word NONE where applicable.

A CLAIM SHALL BE DEEMED TO HAVE BEEN PRESENTED WHEN A FEDERAL AGENCY RECEIVES FROM A CLAIMANT, HIS DULY AUTHORIZED AGENT, OR LEGAL REPRESENTATIVE, AN EXECUTED STANDARD FORM 95 OR OTHER WRITTEN NOTIFICATION OF AN INCIDENT, ACCOMPANIED BY A CLAIM FOR MONEY DAMAGES IN A **SUM CERTAIN** FOR INJURY TO OR LOSS OF PROPERTY, PERSONAL INJURY, OR DEATH ALLEGED TO HAVE OCCURRED BY REASON OF THE INCIDENT. THE CLAIM MUST BE PRESENTED TO THE APPROPRIATE FEDERAL AGENCY WITHIN **TWO YEARS** AFTER THE CLAIM ACCRUES.

Failure to completely execute this form or to supply the requested material within two years from the date the claim accrued may render your claim invalid. A claim is deemed presented when it is received by the appropriate agency, not when it is mailed.

If instruction is needed in completing this form, the agency listed in item #1 on the reverse side may be contacted. Complete regulations pertaining to claims asserted under the Federal Tort Claims Act can be found in Title 28, Code of Federal Regulations, Part 14. Many agencies have published supplementing regulations. If more than one agency is involved, please state each agency.

The claim may be filed by a duly authorized agent or other legal representative, provided evidence satisfactory to the Government is submitted with the claim establishing express authority to act for the claimant. A claim presented by an agent or legal representative must be presented in the name of the claimant. If the claim is signed by the agent or legal representative, it must show the title or legal capacity of the person signing and be accompanied by evidence of his/her authority to present a claim on behalf of the claimant as agent, executor, administrator, parent, guardian or other representative.

If claimant intends to file for both personal injury and property damage, the amount for each must be shown in item #12 of this form.

The amount claimed should be substantiated by competent evidence as follows:

(a) In support of the claim for personal injury or death, the claimant should submit a written report by the attending physician, showing the nature and extent of injury, the nature and extent of treatment, the degree of permanent disability, if any, the prognosis, and the period of hospitalization, or incapacitation, attaching itemized bills for medical, hospital, or burial expenses actually incurred.

(b) In support of claims for damage to property, which has been or can be economically repaired, the claimant should submit at least two itemized signed statements or estimates by reliable, disinterested concerns, or, if payment has been made, the itemized signed receipts evidencing payment.

(c) In support of claims for damage to property which is not economically repairable, or if the property is lost or destroyed, the claimant should submit statements as to the original cost of the property, the date of purchase, and the value of the property, both before and after the accident. Such statements should be by disinterested competent persons, preferably reputable dealers or officials familiar with the type of property damaged, or by two or more competitive bidders, and should be certified as being just and correct.

(d) Failure to specify a sum certain will render your claim invalid and may result in forfeiture of your rights.

### PRIVACY ACT NOTICE

This Notice is provided in accordance with the Privacy Act, 5 U.S.C. 552a(e)(3), and concerns the information requested in the letter to which this Notice is attached.
  A. *Authority:* The requested information is solicited pursuant to one or more of the following: 5 U.S.C. 301, 28 U.S.C. 501 et seq., 28 U.S.C. 2671 et seq., 28 C.F.R. Part 14.

B. *Principal Purpose:* The information requested is to be used in evaluating claims.
C. *Routine Use:* See the Notices of Systems of Records for the agency to whom you are submitting this form for this information.
D. *Effect of Failure to Respond:* Disclosure is voluntary. However, failure to supply the requested information or to execute the form may render your claim "invalid".

### PAPERWORK REDUCTION ACT NOTICE

This notice is solely for the purpose of the Paperwork Reduction Act, 44 U.S.C. 3501. Public reporting burden for this collection of information is estimated to average 6 hours per response, including the time for reviewing instructions, searching existing data sources, gathering and maintaining the data needed, and completing and reviewing the collection of information. Send comments regarding this burden estimate or any other aspect of this collection of information, including suggestions for reducing this burden, to the Director, Torts Branch, Attention: Paperwork Reduction Staff, Civil Division, U.S. Department of Justice, Washington, D.C. 20530 or to the Office of Management and Budget. Do not mail completed form(s) to these addresses.

SF 95   BACK